■ DEMETRA B. ROBERTSON, Respondent, v. EMMETT ROBERTSON, Appellant.— In an action for partition, defendant appeals from an order of the Supreme Court, Nassau County, dated February 14, 1973, which granted plaintiff's motion for appointment of a Referee to take proof and report. The appeal brings up for review a later order of the same court, dated March 20, 1973, which modified the first order by substituting another person as Referee in place of the one appointed in the first order. Appeal dismissed, without costs. An order referring a matter to a Referee for hearing and report is not appealable (*Heldman* v. *Douglas,* 39 A D 2d 769). Gulotta, P. J., Hopkins, Martuscello, Shapiro and Munder, JJ., concur.

■ DEMETRA B. ROBERTSON, Respondent, v. EMMETT ROBERTSON, Appellant.— In an action *inter alia* to reform a separation agreement and to annul a transfer of title to defendant of real property which had been the parties' marital home, defendant (1) appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County, dated December 19, 1972 and made after a nonjury trial, as (a) annulled the portion of the agreement which waived alimony, (b) awarded plaintiff alimony of $10 per week, (c) set aside the transfer of the real property and (d) made provision with respect to the subject of sale of the real property; and (2) also appeals from an order of the same court, dated July 31, 1972, which denied his motion for reargument. (The judgment was not made until after the order denying reargument

was made.) Judgment affirmed insofar as appealed from and order affirmed, with one bill of costs. No opinion. Gulotta, P. J., Hopkins and Martuscello, JJ., concur; Shapiro and Munder, JJ., dissent and vote to reverse the order, grant the motion for reargument, and modify the judgment by deleting therefrom the fourth and fifth decretal paragraphs, with the following memorandum: The fourth decretal paragraph of the judgment, in substance, declares the provision of the separation agreement between the parties relating to the transfer of the marital residence to defendant null and void because the tranfer was " an improvident one and without adequate consideration ". This action by Special Term, in our opinion, was improper. The record shows the separation agreement was made at arms' length, with both parties represented by counsel. It is claimed the $500 received by plaintiff for her interest was inadequate in view of the property's claimed value of $25,000. But this latter figure fails to take into consideration that the property is encumbered by a mortgage of more than $16,000. Also, it must be remembered that the provision regarding transfer of this property was only one of many in which the parties agreed to a division of their property, rights and obligations. The point is that courts should be slow to declare a transfer null and void when there is only a claim of *inadequate* consideration, as contrasted with a *want* or *failure* of consideration, particularly when, as noted here, the parties are represented by counsel (see 9 N. Y. Jur., Contracts, § 73). In view of the above, the fifth paragraph of the judgment should also be deleted because it, in effect, places plaintiff in the same position regarding ownership of the marital home she was in before she agreed to transfer her interest to defendant.